IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DENNIS EDDINGS, individually and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br>v.<br><br>JJB, INC., a Louisiana Corporation, and HAMANT KUMAR PATEL, in his individual capacity<br><br>　　Defendants. | **JURY TRIAL DEMANDED** |

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DENNIS EDDINGS (hereinafter "Plaintiff"), individually, and on behalf of all others similarly situated, files this Complaint against Defendants, JJB, INC. d/b/a Best Western Slidell Inn ("Best Western"), a Louisiana Corporation; and HAMANT KUMAR PATEL ("Patel"), in his individual capacity, and states as follows:

**INTRODUCTION**

Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."  29 U.S.C. § 202(a).  To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees.  29 U.S.C. §§ 206, 207.  These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees.  *See, Billingsley v. Citi Trends, Inc.*, 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

1. This case implicates JJB, INC. d/b/a Best Western Slidell Inn and Best Western's owner, Hamant Kumar Patel (collectively "Defendants"). Best Western Slidell Inn is a hotel in Slidell, Louisiana.

2. Defendants engage in unlawful payment practices whereby they fail to compensate their employees for all of the hours that they work each week.

3. Defendants required and/or permitted Plaintiff, Dennis Eddings, and those similarly situated, to work as hotel employees in excess of forty (40) hours per week, but refused to compensate them at the applicable minimum wage and/or required overtime rate for the hours that they worked over forty (40) each week.

4. Instead, Defendants only paid Plaintiff for his first forty (40) hours worked each week, denying him minimum wages and overtime wages for the hours that he worked over forty (40) in a work week.

5. Defendants' conduct violates the FLSA, which requires non-exempt employees, such as Plaintiff, to be compensated at a rate of at least the applicable minimum wage for all hours/weeks worked, and require that non-exempt employees be paid time and a half for all overtime hours worked.

6. Plaintiff brings a collective action to recover the unpaid wages owed to him and all other similarly situated employees, current and former, of Defendants who worked for Defendants at any time during the three year period before this Complaint was filed up to the present ("Collective Members"). These putative Collective Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

**JURISDICTION**

7. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

8. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiff's claims occurred in Slidell, Louisiana, located within the Eastern District of Louisiana.

**PARTIES**

10. At all times material hereto, Plaintiff was a resident of Slidell, Louisiana.

11. At all times material hereto, Best Western was a Louisiana For Profit Corporation engaged in business in Louisiana, with a principal place of business in Slidell, Louisiana.

12. Upon information and belief, at all times material hereto, Defendant Patel was an individual resident of the State of Louisiana.

13. At all times material hereto, Defendant Patel was an "employer" as defined by 29 U.S.C. § 201, *et seq*.

14. At all times material hereto, Defendant Patel was the President of JJB, Inc. and owned and operated JJB, Inc.

15. At all times material hereto, Defendant Patel had the authority to hire and fire employees of Best Western.

16. At all times material hereto, Defendant Patel regularly determined the rates of pay for the employees of Best Western.

17. At all times material hereto, Defendant Patel regularly determined the work schedules for the employees of Best Western.

18. At all times material hereto, Defendant Patel controlled the finances and operations of Best Western.

## COVERAGE

19. At all times material hereto, JJB, Inc. was an "employer" as defined by 29 U.S.C. § 201, *et seq.*

20. At all times material hereto, Patel was an "employer" as defined by 29 U.S.C. § 201, *et seq.*

21. At all times material hereto, Plaintiff was an "employee" of JJB, Inc. within the meaning of the FLSA.

22. At all times material hereto, Plaintiff was an "employee" of Patel within the meaning of the FLSA.

23. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

24. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

25. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including, *inter alia*, computers, telephones, and cash registers, which were used directly in furtherance of Defendants' commercial activity of operating a hotel.

26. At all times material hereto, Plaintiff was 'engaged in commerce' and was subject to the individual coverage of the FLSA, by virtue of his handling or otherwise working on goods or materials that had been moved in commerce and which were used directly in furtherance of Defendants' commercial activity of running a hotel.

27. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

28. Defendant JJB, Inc. does business as Best Western Slidell Inn.

29. Best West Slidell Inn is located at 120 Taos Street, Slidell, Louisiana 70458.

30. Best Western Slidell Inn is owned and operated by Hamant Kumar Patel.

31. Plaintiff worked for Defendants from approximately February 8, 2013 through April 13, 2022.

32. Throughout the duration of his employment, Plaintiff worked the front desk at Best Western and provided customer service.

33. Throughout the duration of his employment, Plaintiff was compensated at an hourly rate of pay.

34. At all times material hereto, Plaintiff worked in excess of forty (40) hours within most, if not all, work weeks.

35. However, Plaintiff was not properly compensated for all of his overtime hours worked.

36. Instead, Defendants only paid Plaintiff for the first forty (40) hours that he worked each work week.

37. Defendants practice of failing to pay Plaintiff for the hours that he worked over

forty (40) each week resulted in Defendants' failure to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for all of the hours that he worked in excess of forty (40) hours in a given work week.

38. Plaintiff should have been, and should be, compensated at a rate of one and one-half times his regular rate of pay for those hours that he worked in excess of forty (40) hours per workweek, but Defendants failed to so compensate Plaintiff.

39. Plaintiff complained to Defendants' management employees and human resources department but nothing was done to rectify the situation.

40. Defendants practice of failing to pay Plaintiff for the hours that he worked over forty (40) each week resulted in Defendants' failure to compensate Plaintiff at least the applicable minimum wage for all hours that he worked in a given work week.

41. Defendants have violated 29 U.S.C. §§ 206 and 207 in that:

    a) Plaintiff worked in excess of forty (40) hours per week during his period of employment with Defendants;

    b) No payments, or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of minimum wage and one and one-half times Plaintiff's regular rate for those hours that he worked in excess of forty (40) hours per work week as provided by the FLSA;

    c) Defendants failed to pay Plaintiff at least minimum wage in most, if not all work weeks in violation of the FLSA;

    d) Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

## COLLECTIVE ACTION ALLEGATIONS (FLSA CLAIMS)

42. As part of their regular business practices, Defendants have intentionally, willfully and repeatedly harmed Plaintiffs and Collective Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

43. Although Defendants permitted and/or required Collective Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty.

44. Defendants have also denied them full compensation at the legally-mandated minimum wage rate for all weeks worked.

45. Collective Members perform or have performed the same or similar work as Plaintiffs.

46. Plaintiffs and Collective Members all worked as Best Western employees, providing customer service to Defendants' clients, under the same conditions and were/are subject to the same violations of the FLSA.

47. Many Collective Members regularly work or have worked in excess of forty (40) hours during a workweek.

48. Collective Members are not exempt from receiving overtime pay and/or minimum wage at the legally-mandated minimum wage rate under the FLSA.

49. As such, Collective Members are similar to Plaintiffs in terms of job duties, pay structure, and/or the denial of overtime and minimum wage.

50. Defendants' failure to pay overtime compensation and at least the legally-mandated minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Collective Members.

51. The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of Collective Members.

52. The experiences of Plaintiffs, with respect to their job duties, are typical of the experiences of Collective Members.

53. The specific job titles or precise job responsibilities of each Collective Member does not prevent collective treatment.

54. All Collective Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

55. All Collective Members, irrespective of their particular job requirements, are entitled to compensation for weeks/hours worked at the legally-mandated minimum wage rate.

56. Although the exact amount of damages may vary among Collective Members, the damages for Collective Members can be easily calculated by a formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Collective Members.

57. As such, the Collective of similarly situated Plaintiffs is properly defined as follows:

> **All current and former employees of Defendants who were not paid for all hours worked in a single work week at any time from June 2019 up to the present.**

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

58. Plaintiff realleges and reincorporates paragraphs 1 through 57 as if fully set forth herein.

59. Plaintiff worked in excess of forty (40) hours per week throughout the relevant time period.

60. Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours that he worked in excess of forty (40) hours each workweek.

61. Plaintiff is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours each work week.

62. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

63. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times their regular rate of pay for the hours that he worked in excess of forty (40) hours per work week when it knew, or should have known, such was, and is due.

64. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

65. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

66. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT TWO
## VIOLATION OF 29 U.S.C. § 206

67. Plaintiff incorporates the allegations contained paragraphs 1-57.

68. Defendants' practice of failing to pay Plaintiff and Class Members at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

9

69. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants or Plaintiff.

70. Defendants failed to keep adequate records of Plaintiff and Class Members' work hours and pay in violation of section 211(c) of the FLSA.  *See* 29 U.S.C. § 211(c).

71. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

   a) The time of day and day of week on which the employees' work week begins;

   b) The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

   c) An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

   d) The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

   e) The hours worked each workday and total hours worked each workweek;

   f) The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

   g) The total premium for overtime hours.  This amount excludes the straight-time earnings for overtime hours recorded under this section;

   h) The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

    i)        The dates, amounts, and nature of the items which make up the total additions and deductions;

    j)        The total wages paid each pay period; and

    k)        The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

72. Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiff and Class Members.

73. Because Defendants' records are inaccurate and/or inadequate, Plaintiff and Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.*¸ 328 U.S. 680, 687 (1946).

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

    a.  Granting Plaintiff an Order, on an expedited basis, allowing him to send Notice of this action, pursuant to § 216(b), to those similarly situated to Plaintiff;

    b.  An Order granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff the full amount of damages and liquidated damages available by law;

    c.  Overtime compensation for all hours worked over forty (40) in a work week at the applicable time and one-half rate;

    d.  All unpaid minimum wages at the legally mandated applicable minimum wage

rate;

e. An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

f. Awarding Plaintiff pre-judgment and/or post-judgment interest;

g. Reasonable attorney's fees, costs and expenses of this action as provided by statute; and

h. Such other relief to which Plaintiff may be entitled, at law or in equity.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated:  June 28, 2022.

**MORGAN & MORGAN, P.A.**

*/s/ Rene F. Rocha*
Rene F. Rocha
Louisiana Bar No: 34411
Morgan & Morgan, P.A.
400 Poydras St., Suite 1505
New Orleans, LA 70130
P:  (504) 636-6310
F:  (954) 327-3018
Email: rrocha@forthepeople.com

**C. Ryan Morgan**[1]
Florida Bar No. 0015527
Morgan & Morgan, P.A.
N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802
T: (407) 420-1414
F: (407) 867-4791
Email: rmorgan@forthepeople.com

**Chanelle J. Ventura**
Florida Bar No. 1002876
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324

---

[1] C. Ryan Morgan and Chanelle J. Ventura shall promptly file a motion to be admitted to this court *Pro Hac Vice* to serve as Plaintiff's counsel.

T: (954) 318-0268
F: (954) 327-3039
Email: cventura@forthepeople.com

***Trial Attorneys for Plaintiff***